# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DIANNA MACHELLE GARCIA, )
)
    Plaintiff, ) Case No. 16-CV-232-JED-GBC
v. )
)
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration, )
)
    Defendant. )

## OPINION AND ORDER

Before the Court is the Report & Recommendation ("R&R") (Doc. 14) of United States Magistrate Judge Gerald B. Cohn on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying Dianna Machelle Garcia disability benefits. Judge Cohn recommends that the Court affirm the Commissioner's decision finding plaintiff not disabled. Plaintiff filed a timely Objection to the R&R in which she requests that the Court reject the R&R and remand for further administrative proceedings. (Doc. 15). The Court has reviewed the record and issues de novo.

I.     **Background**

On February 18, 2011, Plaintiff applied for disability benefits under Title II and XVI of the Social Security Act. (R. 10). She alleges disability beginning April 16, 2010. (*Id*.). On July 11, 2012, the Administrative Law Judge (ALJ) found that Plaintiff was not disabled. (R. 7-21). Her subsequent request for review by the Appeals Council was denied on September 17, 2013. (R. 1). Upon appeal to the federal district court, Magistrate Judge Paul J. Cleary reversed and remanded the case for further proceedings before an ALJ. (R. 458). Judge Cleary instructed the ALJ to re-evaluate Plaintiff's residual functional capacity (RFC) and "provide rationale with specific

references to the evidence of record in support of the assessed limitations." (*Id.*). Judge Cleary further noted that the ALJ would obtain supplemental vocational expert testimony. (*Id.*).

In a hearing held on July 8, 2015, Plaintiff testified that she experienced extreme pain while working as a cashier at Wal-Mart—so much so that she "could barely make it through one transaction" and would "go in the bathroom and cry." (R. 404). Due to the pain, she took a leave of absence from that job in April 2010 and has not returned. (*Id.*). She testified that she spends the majority of each day sitting on a couch with her feet up or in bed with a heating pad. (R. 415). She stated that she lies down approximately three times a day for at least twenty to forty minutes. (R. 418). According to her testimony, she is in pain all of the time (R. 418), though doing water aerobics twice a week has helped with the pain. (R. 412).

A vocational expert testified that if Plaintiff's statements regarding her limitations and restrictions were fully credible, Plaintiff would not be able to perform any of her past relevant work. (R. 425). The vocational expert was unable to identify any jobs at the sedentary level that Plaintiff could perform, assuming Plaintiff's testimony was fully credible. (R. 426).

On August 27, 2015, the ALJ issued the Decision that is the subject of this proceeding. (R. 371-395). In his Decision, the ALJ determined that Plaintiff has three severe impairments—degenerative disc disease, hypertension, and obesity. (R. 377). The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the listing criteria. (R. 380). Based in part on a reduced credibility determination, the ALJ concluded that Plaintiff has the RFC to perform light work with some limitations.[1] (R. 381-82, 386). The

---

[1] The ALJ found that Ms. Garcia "is able to occasionally lift and/or carry twenty pounds, frequently lift and/or carry up to ten pounds, stand and/or walk up to six hours in an eight-hour workday, with normal breaks, and sit up to six hours in an eight-hour workday, with normal breaks. [She] is able to use the hands for hand controls, and the feet for foot controls. [She] is able to climb ramps or stairs, but never climb ladders, ropes, or scaffolding. [She] is frequently

2

ALJ determined that Plaintiff is able to perform her past relevant work as a cashier at the light level of exertion, as well as other jobs existing in the national economy. (R. 387-88). In light of the foregoing, the ALJ concluded that Plaintiff is not disabled. (R. 389).

Plaintiff's request for review by the Appeals Council was denied on March 14, 2016. (R. 360-363). Plaintiff then filed this action on April 27, 2016. (Doc. 2).

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Martinez v. Barnhart,* 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

---

able to balance, but only occasionally, stoop, kneel, crouch and crawl. [She] takes medication for relief of symptomatology, but the appropriate use of medication does not preclude her from remaining reasonably alert to perform required functions presented in a work setting." (R. 381).

3

**III.	Discussion**

Plaintiff argues that the ALJ made significant omissions in his discussion of the medical evidence that affected his determinations regarding the Plaintiff's credibility and, thus, her RFC. (Doc. 9 at 3-10 of 14; Doc. 15 at 9 of 19). In his R&R, Judge Cohn found that the omitted evidence is not significantly probative because the evidence does not demonstrate Plaintiff's job-related limitations. (Doc. 14 at 12). He concluded that the ALJ's credibility determination is supported by substantial evidence, and he recommends affirming the Commissioner's denial of disability benefits. (*Id*. at 19). Plaintiff contends that Judge Cohn applied an incorrect standard in determining what evidence is probative. (Doc. 15 at 7 of 19).

"The ALJ must consider the credibility of [the claimant's] subjective testimony about her pain, and also its effect on her ability to work, as part of the determination of her residual functional capacity." *Madron v. Astrue*, 311 Fed. App'x 170, 175 (10th Cir. 2009). *See also* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *2 ("[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.").[2] "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not disrupt such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir.

---

[2] SSR 96-7p has been superseded by SSR 16-3p, effective March 28, 2016. The ALJ's decision in this case was made before that effective date, on August 27, 2015. Plaintiff does not contend that the application of SSR 96-7p to this case is inappropriate, and the Court does not believe it to be so either. *See Paulsen v. Colvin*, 665 F. App'x 660, 663 (10th Cir. 2006) (unpublished) (applying SSR 96-7p when agency decision rendered before effective date of new ruling).

1990)). However, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Madron*, 311 Fed. App'x at 176 (quoting *Kepler*, 68 F.3d at 391).

The established framework in the Tenth Circuit for analyzing the credibility of testimony regarding disabling pain requires the Court to consider:

> (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all of the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Madron*, 311 Fed. App'x at 176 (quoting *Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004)). In his decision, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 382). However, in considering the severity of her pain, the ALJ reasoned that Plaintiff's allegations were "not fully consistent with the clinical evidence" and that she was "not fully credible." (R. 386).

The ALJ noted a reduction in credibility three times in his decision. First of all, the ALJ found that the level of independence in daily activities demonstrated in Plaintiff's function report and Plaintiff's mother's report was inconsistent with Plaintiff's assertions regarding the debilitating effects of her pain. (R. 383). This inconsistency "significantly reduce[d] the credibility of the allegations of the claimant." (*Id.*). The ALJ next stated that the Plaintiff's allegations of pain were inconsistent with both the examination findings and conservative treatment recommended by Dr. Daniel J. Boedeker and Dr. Subramaniam Krishnamurthi. (R. 385). These inconsistencies further reduced the credibility of the Plaintiff. (R. 385). Lastly, the ALJ found that "[t]he effectiveness of conservative treatment, the absence of side effects and benefit of medications given active days with family is not fully consistent with the testimony of

5

the claimant regarding the functional limitations and pain she has." (R. 386). This third finding "significantly reduce[d] the credibility of the claimant." (R. 386).

Plaintiff does not assert that the ALJ erred in his treatment of the nonmedical evidence; instead, she contends that the ALJ made significant omissions in his discussion of the medical evidence that led him to find the above-stated inconsistencies. (Doc. 9 at 10-11 of 14). This Court agrees with the Plaintiff that the ALJ failed to address certain medical evidence that may be found to support Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of her back pain.

As noted above, one basis in the ALJ's decision for reducing Plaintiff's credibility concerns the "examination findings" and "conservative treatment" recommended by Dr. Boedeker and Dr. Krishnamurthi. However, the ALJ did not address medical evidence bearing upon that credibility determination. First of all, though Dr. Boedeker did state that the "examination was unremarkable," apparently referring to the physical examination, he also commented that the Plaintiff's CT scan results were "certainly consistent with her pain." (R. 225). Dr. Boedeker further noted that he "suspect[s] there is a good chance when she stands up that her subluxation worsens." (*Id*.). The ALJ did not reference these medical observations regarding her pain. Furthermore, in focusing on the conservative treatment recommended by Dr. Boedeker and Dr. Krishnamurthi, the ALJ did not address Plaintiff's later visit with Dr. Preston J. Phillips, an orthopedic surgeon. Dr. Phillips noted his "concern . . . that the patient will eventually require surgical intervention." (R. 782). He provided the Plaintiff literature regarding spinal surgery and noted that he would "continue to pursue a conservative course until such time as her symptoms dictate surgical intervention." (*Id*.).

The third basis on which the ALJ reduced Plaintiff's credibility involves Plaintiff's visits with Dr. Daniel Morris. (*See* R. 386). Plaintiff told Dr. Morris on April 7, 2015, that her medications were "beneficial[,] especially when she has long full activity days with her family." (R. 967). On June 4, 2015, Dr. Morris noted that "her pain medications are effective in controlling her pain" and that they "improve the quality of her life" without any reported side effects. (R. 969). Dr. Morris also noted that Plaintiff told him that doing water aerobics was helping her. (*Id.*). Yet, the same medical record states that Plaintiff complained of pain in the lumbar spine and right leg, and that her pain level was "4." (R. 969). Though there is evidence that Plaintiff's pain medications and water aerobics have improved her symptoms to some extent, the ALJ failed to address the fact that Plaintiff still reported not-insignificant pain to Dr. Morris during her last visit.

Reviewing the record, the Court finds that the ALJ failed to address conflicting evidence regarding Plaintiff's pain, which requires a remand. On remand, the ALJ should re-evaluate the Plaintiff's credibility and RFC, taking care to address all significant medical evidence regarding the intensity, persistence, and/or functionally limiting effects of her pain. The ALJ should further ensure that any new decision sufficiently addresses all of the issues raised in this case by the Plaintiff, such that "the correct legal standards are invoked in reaching a decision" based on factual findings that are supported by substantial evidence in the record. *Angel v. Barnhart*, 329 F.3d 1208, 1213-14 (10th Cir. 2003) (quoting *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988)). The undersigned notes, however, that no particular result is dictated. *See Angel*, 329 F.3d at 1214.

IT IS THEREFORE ORDERED that the R&R (Doc. 25) is hereby **rejected**, and the Commissioner's decision is **reversed and remanded** for further proceedings consistent with this order. A separate judgment will be entered forthwith.

IT IS SO ORDERED this 21st day of December, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE