IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DIANNA MACHELLE GARCIA

         Plaintiff,

vs.

ANDREW M. SAUL, Commissioner,
Social Security Administration,

         Defendant.

Case No.16-CV-232-JED-FHM

## **OPINION AND ORDER**

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 23] is before the Court. Counsel seeks approval of an attorney fee award of $ 15,463 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed no objection to the requested fee award. [Dkt.24].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Social Security disability case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. ' 406(b)(1)(A) provides that a court may award Aa reasonable fee . . . not in excess of 25 percent of the . . . past due benefits awarded to the claimant. The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an independent check to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section

406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id*. at n.17.

Plaintiff and counsel entered into a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits.

The undersigned concludes that the requested fee award of $15,463 which is 25% of Plaintiff's past due benefit award as reflected in the record submitted and counsel's motion is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of § 406(b). The fee yields an hourly rate of approximately $ 470 per hour for 32.9 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid.

Counsel advises that, after payment of the fees incurred in connection with legal services performed before the Commissioner, there is $9,589.18 being held by the Commissioner for payment of attorney fees. Since that amount is not sufficient to pay the agreed legal fees for work performed before the district court, counsel asks that the $6,100 in fees awarded under the Equal Access to Justice Act, [Dkt. 20], be used to offset the shortfall. In which case, none of the EAJA fee award would be returned to Plaintiff pursuant to *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986). The court finds that, under the circumstances presented, counsel will not be required to return any part of the EAJA fee award to Plaintiff unless the total fee to counsel exceeds $15,643. Counsel's retention of the EAJA award will not result in double payment to counsel for work performed before the District Court.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 23], is GRANTED as follows:

Counsel is awarded $15,463 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund only that part of the EAJA award, if any, that would result in a fee to counsel greater than $15,463.

SO ORDERED this 9th day of June, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE